YVONNE M. SCHULTE (State Bar No. 237868)
yvonne.schulte@clydeco.us
CHRISTOPHER J. LEE (State Bar No. 275351)
christopher.lee@clydeco.us
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone:     (213) 358-7600
Facsimile:     (213) 385-7650

KONRAD R. KREBS (State Bar No. 345691)
konrad.krebs@clydeco.us
CLYDE & CO US LLP
1515 Market Street | Suite 1200
Philadelphia, PA 19102
Telephone:     (973) 210-6705
Facsimile:     (973) 210-6701

Attorneys for Defendant,
GREENWICH INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

PACIFICORP,

                    Plaintiff,

          v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA; NAVIGATORS
SPECIALTY INSURANCE COMPANY;
GREENWICH INSURANCE COMPANY; XL
CATLIN LLOYD'S SYNDICATE XLC 2003;
COLUMBIA CASUALTY COMPANY; HDI
SPECIALTY INSURANCE COMPANY,
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY; and LANDMARK
AMERICAN INSURANCE COMPANY,

                    Defendants.

Case No. 2:24-cv-02906-AC

**DEFENDANT GREENWICH INSURANCE COMPANY'S ANSWER AND COUNTERCLAIM**

[Complaint Filed: August 29, 2024]

Trial Date: None set

ANSWER AND COUNTERCLAIM

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Greenwich Insurance Company ("Greenwich"), by and through its attorneys, Clyde & Co US LLP, hereby answers the complaint of plaintiff PacifiCorp as follows:

1. Greenwich denies that it wrongfully refused to perform and/or acknowledge its contractual duties to PacifiCorp. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1; therefore, such allegations are denied.

2. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; therefore, Greenwich denies the allegations of paragraph 2.

3. Greenwich admits that PacifiCorp is an energy utility with a principal place of business in Portland, Oregon. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3; therefore, such allegations are denied.

4. The allegations of paragraph 4 are not directed towards Greenwich; therefore, no affirmative response is required. To the extent that a response is required; Greenwich lacks sufficient information to determine the truth of the allegations of paragraph 4; therefore, such allegations are denied.

5. The allegations of paragraph 5 are not directed towards Greenwich; therefore, no affirmative response is required. To the extent that a response is required; Greenwich lacks sufficient information to determine the truth of the allegations of paragraph 4; therefore, such allegations are denied.

6. Greenwich admits the allegations of paragraph 6.

7. The allegations of paragraph 7 are not directed towards Greenwich; therefore, no affirmative response is required. To the extent that a response is required; Greenwich lacks sufficient information to determine the truth of the allegations of paragraph 7; therefore, such allegations are denied.

8. The allegations of paragraph 8 are not directed towards Greenwich; therefore, no affirmative response is required. To the extent that a response is required; Greenwich lacks

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

sufficient information to determine the truth of the allegations of paragraph 8; therefore, such allegations are denied.

9.     The allegations of paragraph 9 are not directed towards Greenwich; therefore, no affirmative response is required.  To the extent that a response is required; Greenwich lacks sufficient information to determine the truth of the allegations of paragraph 9; therefore, such allegations are denied.

10.     The allegations of paragraph 10 are not directed towards Greenwich; therefore, no affirmative response is required.  To the extent that a response is required; Greenwich lacks sufficient information to determine the truth of the allegations of paragraph 10; therefore, such allegations are denied.

11.     The allegations of paragraph 11 are not directed towards Greenwich; therefore, no affirmative response is required.  To the extent that a response is required; Greenwich lacks sufficient information to determine the truth of the allegations of paragraph 11; therefore, such allegations are denied.

12.     The allegations of paragraph 12 are conclusions of law to which no affirmative response is required.  To the extent a response is required, Greenwich denies that allegations of paragraph 12.

13.     The allegations of paragraph 13 are conclusions of law to which no affirmative response is required.  To the extent a response is required, Greenwich denies that allegations of paragraph 13.

14.     The allegations of paragraph 14 are conclusions of law to which no affirmative response is required.  To the extent a response is required, Greenwich denies that allegations of paragraph 14.

15.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15; therefore, Greenwich denies the allegations of paragraph 15.

16.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16; therefore, Greenwich denies the allegations of paragraph 16.

17. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17; therefore, Greenwich denies the allegations of paragraph 17.

18. Greenwich admits the allegations of paragraph 18.

19. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19; therefore, Greenwich denies the allegations of paragraph 19.

20. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20; therefore, Greenwich denies the allegations of paragraph 20.

21. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21; therefore, Greenwich denies the allegations of paragraph 21.

22. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22; therefore, Greenwich denies the allegations of paragraph 22.

23. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23; therefore, Greenwich denies the allegations of paragraph 23.

24. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24; therefore, Greenwich denies the allegations of paragraph 24.

25. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25; therefore, Greenwich denies the allegations of paragraph 25.

26. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26; therefore, Greenwich denies the allegations of paragraph 26.

27. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27; therefore, Greenwich denies the allegations of paragraph 27.

28. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28; therefore, Greenwich denies the allegations of paragraph 28.

29. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29; therefore, Greenwich denies the allegations of paragraph 29.

30. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30; therefore, Greenwich denies the allegations of paragraph 30.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

31.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31; therefore, Greenwich denies the allegations of paragraph 31.

32.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32; therefore, Greenwich denies the allegations of paragraph 32.

33.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33; therefore, Greenwich denies the allegations of paragraph 33.

34.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34; therefore, Greenwich denies the allegations of paragraph 34.

35.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35; therefore, Greenwich denies the allegations of paragraph 35.

36.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36; therefore, Greenwich denies the allegations of paragraph 36.

37.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37; therefore, Greenwich denies the allegations of paragraph 37.

38.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38; therefore, Greenwich denies the allegations of paragraph 38.

39.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39; therefore, Greenwich denies the allegations of paragraph 39.

40.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40; therefore, Greenwich denies the allegations of paragraph 40.

41.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41; therefore, Greenwich denies the allegations of paragraph 41.

42.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42; therefore, Greenwich denies the allegations of paragraph 42.

43.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43; therefore, Greenwich denies the allegations of paragraph 43.

44.     Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44; therefore, Greenwich denies the allegations of paragraph 44.

45. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45; therefore, Greenwich denies the allegations of paragraph 45.

46. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46; therefore, Greenwich denies the allegations of paragraph 46.

47. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47; therefore, Greenwich denies the allegations of paragraph 47.

48. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48; therefore, Greenwich denies the allegations of paragraph 48.

49. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49; therefore, Greenwich denies the allegations of paragraph 49.

50. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50; therefore, Greenwich denies the allegations of paragraph 50.

51. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51; therefore, Greenwich denies the allegations of paragraph 51.

52. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52; therefore, Greenwich denies the allegations of paragraph 52.

53. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53; therefore, Greenwich denies the allegations of paragraph 53.

54. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54; therefore, Greenwich denies the allegations of paragraph 54.

55. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55; therefore, Greenwich denies the allegations of paragraph 55.

56. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56; therefore, Greenwich denies the allegations of paragraph 56.

57. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57; therefore, Greenwich denies the allegations of paragraph 57.

58. Greenwich admits the scope of work provisions of Exhibit 4 to plaintiff's complaint govern vegetation management; however, Greenwich lacks information regarding the authenticity

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

of the document attached as Exhibit 4. Consequently, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58; therefore, Greenwich denies the allegations of paragraph 58.

59. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59; therefore, Greenwich denies the allegations of paragraph 59.

60. Greenwich admits Exhibit 4 to plaintiff's complaint contains an insurance provision; however, Greenwich lacks information regarding the authenticity of the document attached as Exhibit 4. Consequently, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60; therefore, Greenwich denies the allegations of paragraph 60.

61. Greenwich admits Exhibit 4 to plaintiff's complaint contains the described insurance provision; however, Greenwich lacks information regarding the authenticity of the document attached as Exhibit 4. Consequently, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61; therefore, Greenwich denies the allegations of paragraph 61.

62. Greenwich admits Exhibit 4 to plaintiff's complaint contains the described insurance provision; however, Greenwich lacks information regarding the authenticity of the document attached as Exhibit 4. Consequently, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62; therefore, Greenwich denies the allegations of paragraph 62.

63. Greenwich admits Exhibit 4 to plaintiff's complaint contains the described insurance provision; however, Greenwich lacks information regarding the authenticity of the document attached as Exhibit 4. Consequently, Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63; therefore, Greenwich denies the allegations of paragraph 63.

64. Greenwich admits Exhibit 5 to plaintiff's complaint contains a certificate of liability; however, Greenwich lacks information regarding the authenticity of the document attached as Exhibit 5, or whether it was furnished by Trees, LLC ("Trees") to PacifiCorp. Consequently,

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64; therefore, Greenwich denies the allegations of paragraph 64.

65.    Greenwich admits that it issued policy number RGD3001362-04 (the "Policy"), with effective dates of August 1, 2021 to August 1, 2022, which named Trees as a named insured. Greenwich also admits the Policy contains certain Additional Insured endorsements.  The Greenwich Policy is a document that speaks for itself, and Greenwich denies the remaining allegations of paragraph 65.

66.    Admitted in part, denied in part.  Greenwich admits that the Greenwich Policy contains the quoted language contained in paragraph 66, but denies that the policy contains the bracketed language inserted by PacifiCorp into the quoted language.  The Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the policy by PacifiCorp through insertion of language that does not exist in the Greenwich Policy.

67.    Admitted.  However, the Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

68.    Admitted.  However, the Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

69.    Admitted.  However, the Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

70.    Admitted in part, denied in part.  Greenwich admits that the Policy contains the quoted language contained in paragraph 70.  The Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

71.    Admitted in part, denied in part.  Greenwich admits that the Policy contains the quoted language contained in paragraph 71.  The Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

72.    Admitted in part, denied in part.  Greenwich admits that the Policy contains the quoted language contained in paragraph 72 with the exception of the bracketed insertions. Greenwich denies that the inserted bracketed language exists in the Policy.  The Greenwich Policy

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

73.    Admitted.  However, the Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

74.    Admitted.  However, the Greenwich Policy is a document that speaks for itself, and Greenwich denies any characterization of the quoted language.

75.    Greenwich admits that the Policy's declarations specify an "each occurrence" limit of $20,000,000 and a "general aggregate" limit of $50,000,000.  Greenwich denies any characterization of such limits with respect to this lawsuit.

76.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76; therefore, Greenwich denies the allegations of paragraph 76.

77.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77; therefore, Greenwich denies the allegations of paragraph 77.

78.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78; therefore, Greenwich denies the allegations of paragraph 78.

79.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 79; therefore, Greenwich denies the allegations of paragraph 79.

80.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80; therefore, Greenwich denies the allegations of paragraph 80.

81.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81; therefore, Greenwich denies the allegations of paragraph 81.

82.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82; therefore, Greenwich denies the allegations of paragraph 82.

83.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83; therefore, Greenwich denies the allegations of paragraph 83.

84.    Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84; therefore, Greenwich denies the allegations of paragraph 84.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

ANSWER AND COUNTERCLAIM

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

85. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85; therefore, Greenwich denies the allegations of paragraph 85.

86. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86; therefore, Greenwich denies the allegations of paragraph 86.

87. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 87; therefore, Greenwich denies the allegations of paragraph 87.

88. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 88; therefore, Greenwich denies the allegations of paragraph 88.

89. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89; therefore, Greenwich denies the allegations of paragraph 89.

90. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90; therefore, Greenwich denies the allegations of paragraph 90.

91. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91; therefore, Greenwich denies the allegations of paragraph 91.

92. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92; therefore, Greenwich denies the allegations of paragraph 92.

93. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93; therefore, Greenwich denies the allegations of paragraph 93.

94. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 94; therefore, Greenwich denies the allegations of paragraph 94.

95. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95; therefore, Greenwich denies the allegations of paragraph 95.

96. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96; therefore, Greenwich denies the allegations of paragraph 96.

97. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 97; therefore, Greenwich denies the allegations of paragraph 97.

98. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98; therefore, Greenwich denies the allegations of paragraph 98.

99. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99; therefore, Greenwich denies the allegations of paragraph 99.

100. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100; therefore, Greenwich denies the allegations of paragraph 100.

101. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101; therefore, Greenwich denies the allegations of paragraph 101.

102. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102; therefore, Greenwich denies the allegations of paragraph 102.

103. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103; therefore, Greenwich denies the allegations of paragraph 103.

104. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104; therefore, Greenwich denies the allegations of paragraph 104.

105. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 105; therefore, Greenwich denies the allegations of paragraph 105.

106. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106; therefore, Greenwich denies the allegations of paragraph 106.

107. Greenwich denies that PacifiCorp timely reported or caused to be reported the "McKinney Fire Lawsuits" to Greenwich, and denies that PacifiCorp ever demanded Greenwich defend and indemnify it in the "McKinney Fire Lawsuits" prior to the filing of this lawsuit. Greenwich admits that the Greenwich Policy requires timely notice of claims. To the extent additional response is required, Greenwich denies the allegations of paragraph 107.

108. Greenwich lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 108; therefore, Greenwich denies the allegations of paragraph 108.

109. Greenwich denies that it has denied coverage to PacifiCorp or failed to acknowledge any obligations in response to a tender. Greenwich admits that it has not assumed the defense of PacifiCorp in response to any of the McKinney Fire Lawsuits, but denies any characterization of that fact. To the extent that additional response is required, Greenwich denies the allegations of paragraph 109.

ANSWER AND COUNTERCLAIM

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

110. Greenwich denies that it wrongfully denied its contractual obligations to PacifiCorp. Greenwich lacks information regarding whether PacifiCorp has or will continue to incur defense fees and costs; therefore, such allegations are denied. To the extent additional response is required, Greenwich denies the allegations of paragraph 110.

111. Greenwich denies that PacifiCorp satisfied all of the conditions of coverage under the Policy, and denies that it breached any obligation to PacifiCorp. To the extent that additional response is required, Greenwich denies the allegations of paragraph 111.

112. Paragraph 112 is a paragraph of incorporation. Greenwich re-alleges and incorporates by reference its responses to all the previous paragraphs in response to paragraph 112.

113. Greenwich admits that it issued the Greenwich Policy, but denies any characterization thereof contained in paragraph 113. Paragraph 113 also contains conclusions of law to which no affirmative response is required; however, to the extent that a response is required, Greenwich denies the remaining allegations of paragraph 113.

114. The allegations of paragraph 114 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 114.

115. Greenwich denies that it breached any provision of the Greenwich Policy. The remaining allegations of paragraph 115 are conclusions of law to which no affirmative response is required. To the extent that an additional response is required, Greenwich denies the allegations of paragraph 115.

116. The allegations of paragraph 116 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 116.

117. The allegations of paragraph 117 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 117.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

118. The allegations of paragraph 118 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 118.

119. Paragraph 119 is a paragraph of incorporation. Greenwich re-alleges and incorporates by reference its responses to all the previous paragraphs in response to paragraph 119.

120. Greenwich admits that it issued the Greenwich Policy, but denies any characterization thereof contained in paragraph 120. Paragraph 120 also contains conclusions of law to which no affirmative response is required; however, to the extent that a response is required, Greenwich denies the remaining allegations of paragraph 120.

121. The allegations of paragraph 121 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 121.

122. Greenwich denies that it breached any provision of the Greenwich Policy. The remaining allegations of paragraph 122 are conclusions of law to which no affirmative response is required. To the extent that an additional response is required, Greenwich denies the allegations of paragraph 122.

123. The allegations of paragraph 123 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 123.

124. The allegations of paragraph 124 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 124.

125. The allegations of paragraph 125 are conclusions of law to which no affirmative response is required. To the extent that a response is required, Greenwich denies the allegations of paragraph 125.

126. Paragraph 126 is a paragraph of incorporation. Greenwich re-alleges and incorporates by reference its responses to all the previous paragraphs in response to paragraph 126.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

127.    Paragraph 127 is a characterization of PacifiCorp's lawsuit.  Greenwich denies any characterization thereof as a conclusion of law.

128.    Paragraph 128 is a conclusion of law to which no affirmative response is required.  Greenwich denies that PacifiCorp is entitled to the relief sought.  To the extent an additional response is required, Greenwich denies the allegations of paragraph 128.

129.    Greenwich denies that it denied coverage to PacifiCorp.  Greenwich admits that it has not defended PacifiCorp in the McKinney Fire Lawsuits.  Greenwich denies the remaining allegations of paragraph 129.

130.    Paragraph 130 is a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Greenwich denies the allegations of paragraph 130.

131.    Paragraph 131 is a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Greenwich denies the allegations of paragraph 131.

132.    Paragraph 132 is a conclusion of law to which no affirmative response is required.  To the extent that a response is required, Greenwich denies the allegations of paragraph 132.  Greenwich also denies that PacifiCorp is entitled to the relief sought by paragraph 132.

## <u>AFFIRMATIVE DEFENSES</u>

In addition to its responses to the allegations set forth in the complaint, Greenwich asserts the following separate affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

PacifiCorp's complaint and underlying allegations fail to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

### (Laches, Waiver, Estoppel)

PacifiCorp's claims are precluded, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## THIRD AFFIRMATIVE DEFENSE

### (Double Recovery or Unjust Enrichment)

Any recovery by PacifiCorp would result in PacifiCorp's double recovery or unjust enrichment.

## FOURTH AFFIRMATIVE DEFENSE

### (Complete Performance of Contract)

Greenwich completely performed all obligations under any contracts which benefit or may benefit PacifiCorp.

## FIFTH AFFIRMATIVE DEFENSE

### (Non-Party to Contract)

Greenwich was not a party to some or all of the contracts alleged to be the basis for PacifiCorp's claim.

## SIXTH AFFIRMATIVE DEFENSE

### (Comparative Fault/Acceptance of Risk)

PacifiCorp contributed to the alleged damages through its actions and/or inactions, and such conduct by PacifiCorp solely, directly and proximately caused and contributed to any damages which conduct shall serve to bar and/or proportionately reduce PacifiCorp's recovery, if any, herein from Greenwich, which is denied.

## SEVENTH AFFIRMATIVE DEFENSE

### (Other's Negligence)

The injuries and damages, if any, sustained by PacifiCorp, which are denied, were caused in whole or in part by the acts, omissions and/or faults of third parties over which Greenwich has no control and for which Greenwich is not liable, and PacifiCorp's recovery, if any, should be barred and/or proportionately diminished as a result of such acts, omissions and/or faults.

## EIGHTH AFFIRMATIVE DEFENSE

### (Intervening and Superseding Cause)

The injuries and damages allegedly suffered by PacifiCorp were caused by intervening and superseding causes and were not proximately caused by any act or omission of Greenwich.  In the

Case No. 2:24-cv-2906-AC

ANSWER AND COUNTERCLAIM

alternative, any amounts which PacifiCorp might be entitled to recover against Greenwich must be reduced to the extent such damages were attributable to the intervening acts or omissions of persons other than Greenwich.

## NINTH AFFIRMATIVE DEFENSE

### (Indemnity and Contribution)

PacifiCorp's damages, if any, are due to the acts or omissions of persons or entities other than Greenwich. However, in the event a finding is made that Greenwich is liable to PacifiCorp, Greenwich is entitled to an allocation of liability and damages, indemnity, and/or contribution from other liable persons or entities in direct proportion to each party's respective fault.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

PacifiCorp was under a duty to mitigate its alleged damages, if any; and PacifiCorp's recovery, if any, must be reduced by such sums as could have been mitigated, minimized, or avoided.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Contract Defenses)

As and for an eleventh separate and affirmative defense to the complaint and each of its purported causes of action, Greenwich alleges that it is entitled to the benefit of each and every provision of the Policy. Greenwich reserves the right to assert this affirmative defense with respect to any and all such defenses, indemnities, limitations of liability, conditions of coverage, or any other provisions operative between the parties at issue in this case.

## TWELFTH AFFIRMATIVE DEFENSE

### (Due Diligence and Reasonable Care)

As and for a twelfth separate and affirmative defense to the Complaint and each of its purported causes of action, Greenwich alleges, without admitting that any duty was owed to PacifiCorp, that at all relevant times Greenwich exercised due diligence and acted in a reasonable and prudent manner, complying with all applicable standards of care.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

16                    Case No. 2:24-cv-2906-AC
ANSWER AND COUNTERCLAIM

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Prevention)

To the extent Greenwich did not completely fulfill its obligations pursuant to the Policy, which is denied, it was prevented from doing so by the actions and/or inactions of others and/or circumstances outside of its control.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Greenwich's actions and/or inactions with respect to compliance with the Policy were undertaken in good faith.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure of Conditions Precedent)

PacifiCorp failed to satisfy all conditions precedent to its rights, if any, to benefits under the subject Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Breach of a Duty)

PacifiCorp's claims are barred because no duty allegedly owed to PacifiCorp under the Policy or at law was breached by Greenwich.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

PacifiCorp's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Ripeness/Premature)

PacifiCorp's claims are barred, in whole or in part, because they are unripe and/or premature.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Set Out Claims with Sufficient Particularity)

PacifiCorp has failed to set out its claims with sufficient particularity to permit Greenwich to raise all appropriate defenses and, thus, Greenwich reserves the right to assert additional defenses as a factual basis for these claims and/or defenses becomes known.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Concealment, Misrepresentation or Fraud)

Each and every cause of action in the complaint against Greenwich is barred, in whole or in part, if and to the extent that Pacificorp concealed or misrepresented any material facts as prohibited by the Policy at issue.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Excessive Settlement)

PacifiCorp's claims are barred to the extent that the settlements of the underlying litigation are excessive and/or unreasonable.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Not an Additional Insured)

PacifiCorp is not entitled to coverage under the Greenwich Policy to the extent it is not a named insured or an additional insured under the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Right to Raise Additional Defenses)

Greenwich has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses, and therefore reserves the right to identify any additional affirmative defenses which further discovery may reveal.

### PRAYER FOR RELIEF

WHEREFORE, Greenwich prays as follows:

1.      That the complaint be dismissed with prejudice;

2.      That PacifiCorp take nothing by this proceeding;

3.      That Greenwich be awarded its attorney fees and costs of suit incurred in the defense of this action;

5.      For such other and further relief as the Court deems just and proper.

### <u>GREENWICH'S COUNTERCLAIM AGAINST PACIFICORP</u>

Defendant and counterclaimant Greenwich alleges as follows:

**INTRODUCTION**

1.    This lawsuit addresses whether coverage is available to PacifiCorp for lawsuits filed against it under the Policy issued by Greenwich to Asplundh.

2.    The Policy is a commercial general liability insurance policy that contains numerous provisions which are designed to provide Greenwich with sufficient notice of claims and generally afford Greenwich the right to control the defense and settlement of claims brought against insureds.

3.    These policy provisions include a requirement that an insured provide Greenwich with notice of a claim as soon as practicable.  They also afford Greenwich the right to control the defense of claims against an insured and provide that only settlements to which Greenwich consents are covered under the Greenwich Policy.

4.    However, PacifiCorp failed to provide notice of the claims as soon as practicable to Greenwich, failed to allow Greenwich to control the defense, and failed to obtain consent from Greenwich to enter into settlements.

5.    As such, coverage is unavailable to PacifiCorp under the Greenwich Policy for the McKinney Fire Lawsuits.

**PARTIES**

6.    PacifiCorp is a corporation incorporated under the laws of Oregon with its principal place of business in Oregon.

7.    Greenwich is a corporation organized under the laws of the state of Delaware with its principal place of business in Connecticut.

**JURISDICTION & VENUE**

8.    Original jurisdiction is proper in this Court over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the counter-plaintiff and counter-defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs, and by virtue of the Declaratory Judgments Act, 28 U.S.C. § 2201(a) because this matter presents a case of actual controversy.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

9.      This Court has supplemental jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367(a) because the counterclaims form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) because this is a civil action in which a substantial part of the events giving rise to the claim occurred in this District and the property that is the subject of this action is situated in this District.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

11.     Greenwich issued policy number RGD3001362-04 to first named insured Asplundh (the "Policy").  A true and correct copy of the Policy is attached hereto as Exhibit A.

12.     Under the Policy's Named Insured Endorsement, Trees, LLC ("Trees") is a named insured.

13.     Under the Policy's Additional Insured – Owners, Lessees or Contractors – Completed Operations endorsement (the "AI Endorsement"), PacifiCorp qualifies as an "additional insured" only for "'bodily injury' or 'property damage' caused, in whole or in part, by 'your work' at the location designated and described in the Schedule of this endorsement performed for that additional insured and included in the 'products-completed operations hazard.'"  The Policy defines "your work" as work or operations performed by the named insured or on the named insured's behalf.

14.     The AI Endorsement provides that if "coverage provided to the additional insured is required by a contract or agreement, the most [Greenwich] will pay on behalf of the additional insured is the amount of insurance: 1. Required by the contract or agreement; or 2. Available under the applicable Limits of Insurance shown in the Declarations; whichever is less."

15.     The Policy's Commercial General Liability Coverage Form provides as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\* \* \*

**2.      Duties In The Event Of Occurrence, Offense, Claim Or Suit**

    **a.**      You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

Case No. 2:24-cv-2906-AC
ANSWER AND COUNTERCLAIM

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and

**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\* \* \*

(Ex. A, p. 39.)

16. The Policy's Commercial General Liability Coverage Form Insuring Agreement also provides that Greenwich has the "right and duty to defend the insured against any 'suit' seeking those damages." (Ex. A, p. 29.)

Case No. 2:24-cv-2906-AC
ANSWER AND COUNTERCLAIM

17.     In the complaint, PacifiCorp alleges that it has been named as a defendant in multiple lawsuits related to the McKinney Fire that occurred in Klamath River, California, on July 29, 2022 (the "McKinney Fire Lawsuits").

18.     In the complaint, PacifiCorp alleges that following the McKinney Fire, the United States Forest Service retained a leaning ponderosa pine tree near PacifiCorp distribution lines as evidence, and that plaintiffs in the McKinney Fire Lawsuits have sought information on inspection work near this pine tree that Trees allegedly performed in 2020 and 2021.

19.     In the complaint, PacifiCorp alleges that Greenwich owes it a defense in the McKinney Fire Lawsuits as an additional insured under the Policy.

20.     In the complaint, PacifiCorp alleges that it has paid over $36,000,000 in indemnity to the plaintiffs in the McKinney Fire Lawsuits, and that Greenwich owes PacifiCorp indemnity as an additional insured under the Policy.

21.     Prior to filing this lawsuit, PacifiCorp had not provided notice to Greenwich of the McKinney Fire Lawsuits.

22.     Prior to filing this lawsuit, PacifiCorp had not tendered its defense to Greenwich.

23.     PacifiCorp did not seek Greenwich's consent prior to entering into any settlement with respect to the McKinney Fire Lawsuits.

24.     Greenwich did not provide consent to PacifiCorp to enter into any settlement agreement with respect to the McKinney Fire Lawsuits

## FIRST CAUSE OF ACTION – DECLARATORY RELIEF

### No Duty to Defend or Indemnify – Failure to Provide Prompt Notice of Suit

25.     Greenwich incorporates by reference the allegations of paragraphs 1 through 24 above as though fully stated herein.

26.     Greenwich performed all material obligations and met all of the conditions under the Policy, except those which were excused.

27.     As a condition of coverage, the Policy requires any insured that has been named in a claim or "suit" to "immediately record the specifics of the claim or 'suit" and the date received" and "[n]otify [Greenwich] as soon as practicable."

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

22          Case No. 2:24-cv-2906-AC
ANSWER AND COUNTERCLAIM

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

28. PacifiCorp did not tender its defense in the McKinney Fire Lawsuits to Greenwich, or otherwise notify Greenwich of the McKinney Fire Lawsuits, prior to filing this lawsuit.

29. By failing to provide Greenwich with prompt notice of the McKinney Fire Lawsuits, PacifiCorp breached a condition of coverage under the Policy.

30. Due to the lack of notice of the McKinney Fire Lawsuits, Greenwich has been prejudiced in its ability to adequately defend PacifiCorp (if any such duty to defend exists) in the McKinney Fire Lawsuits.

31. Due to the lack of notice of the McKinney Fire Lawsuits, Greenwich has been prejudiced in its ability to obtain reasonable settlement of PacifiCorp's liability in the McKinney Fire Lawsuits.

32. Accordingly, Greenwich is entitled to a declaration that it has no duty to defend or indemnify PacifiCorp in the McKinney Fire Lawsuits, or reimburse PacifiCorp for any amounts incurred by PacifiCorp for its defense or indemnity with respect to the McKinney Fire Lawsuits.

### SECOND CAUSE OF ACTION – DECLARATORY RELIEF

### No Duty to Indemnify – Voluntary Payments

33. Greenwich incorporates by reference the allegations of paragraphs 1 through 32 above as though fully stated herein.

34. The Policy provides that "no insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."  (Ex. A, p. 39.)

35. In the complaint, PacifiCorp alleges that it made settlement payments to plaintiffs in the McKinney Fire Lawsuits.

36. PacifiCorp made these alleged payments voluntarily.

37. Pacificorp did not request or obtain Greenwich's consent before making any of these alleged payments.

38. Accordingly, Greenwich is entitled to a declaration that it has no duty to indemnify PacifiCorp for any voluntary payments it made to plaintiffs in the McKinney Fire Lawsuits.

CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600

**PRAYER FOR RELIEF**

WHEREFORE, Greenwich respectfully requests the Court enter judgment as follows:

1.    Declaring that, under the Policy, Greenwich has no duty to defend or indemnify PacifiCorp in the McKinney Fire Lawsuits, or reimburse PacifCorp for amounts it incurred with respect to the McKinney Fire Lawsuits;

2.    Declaring that, under the Policy, Greenwich has no duty to indemnify PacifiCorp for any liability it incurred or will incur with respect to the McKinney Fire Lawsuits; and

3.    Declaring and granting such other and further relief as may be necessary and appropriate under the circumstances, including all other relief available at law or in equity to which Greenwich may be entitled and which this Court deems just and proper.

Dated:  October 28, 2024                    **CLYDE & CO US LLP**

By:  */s/ Yvonne M. Schulte*
　　　 Yvonne M. Schulte
　　　 Konrad R. Krebs
　　　 Christopher J. Lee
　　　 Attorneys for Defendant
　　　 GREENWICH INSURANCE COMPANY

24                    Case No. 2:24-cv-2906-AC
ANSWER AND COUNTERCLAIM